UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DARRIE WALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1804-CAS |
| | ) | |
| ADRIENNE PENNINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Darrie Walton's Motion for Default Judgment Against Defendant. Plaintiff moves that the Court enter judgment in her favor in the amount of $62,091.00 in damages. For the following reasons, plaintiff's motion is denied.

### *I. Background*

Plaintiff, who is proceeding pro se, alleges in her "Petition/Motion to Court for Judicial Review, Award of Punitive and Compensatory Damages" ("Complaint") that she was a former part-time employee of Aarin's Infants and Child Enrichment Center, I LLC ("Aarin's"). Plaintiff alleges that defendant Adrienne Pennington is Aarins's director, owner, operator, and CEO. In her Complaint plaintiff pleads the following eight counts against defendant Pennington:

| | |
|---|---|
| Count I | Violations of the Equal Pay Act |
| Count II | Unlawful Employment Discrimination in Violation of Title VII and The Missouri Human Rights Act |
| Count III | Retaliation Under Title VII |
| Count IV | Violation of the Americans with Disabilities Act Codified at 42 U.S.C. § 12101 et seq. |

      Count V        Violations of Plaintiff's First, Fifth and Fourteenth Amendment Rights

      Count VI      Violations of Missouri Department of Health and Senior Services Division of Regulations and Licensure

      Count VII     Tortious Interference with Employment

      Count VIII    Plaintiff Demands a Jury Trial

Doc. 1 at 5-17.

At the time she filed her Complaint, plaintiff also filed a notice of intent to use a process server. Plaintiff, however, did not timely file the return of service. On April 2, 2015, the Court entered an order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, directing plaintiff to show cause why her case should not be dismissed for failure to effect service. Doc. 4. Plaintiff responded to the show cause order, stating that she "invoked service on defendant Adrienne Pennington on the same day" that she had filed her Complaint. Doc. 5 at 1. Plaintiff further stated that she had "requested the assistance of the St. Louis County Sheriff's Office to deliver the petition with the appropriate summons notification documentation," and "[t]o the best of [plaintiff's] knowledge and understanding of this process, she has been appropriately served." Id. Plaintiff attached a copy of the signed and sealed Summons and Proof of Service. Doc. 5, Attach. 1.

The Summons listed the defendant's name and address as:

      Aarins Infants and Child Enrichment Center I
      10136 West Florissant
      St. Louis, MO 63136

Id. at 3. In the Proof of Service, which was signed by "Gina Pope" and "Jim Buckles -Sheriff," it is indicated that on October 29, 2014, the Summons was served on an individual identified as "Adrian Pennington," who was designated to accept service on behalf of "Aarins Infant and

Child Enrichment Center." Id. at 4. The return of Proof of Service was dated November 3, 2014. Id.

On April 20, 2015, the Court entered an order directing plaintiff to file a motion for entry of default by the Clerk of Court. Doc. 9. In the order, the Court noted that defendant Adrienne Pennington had not filed an answer or other response to plaintiff's Complaint and the time to do so had passed. Id. Plaintiff timely filed a document entitled "Motion to File for Entry of Default," wherein she requested "entry of default by the clerk of the Court under Federal Rule of Civil Procedure 55(a)" against the defendant. Doc. 10.

On May 8, 2015, the Clerk of Court filed a Clerk's Denial of Default, noting that the record reflected that "service was directed to a business entity rather than to the defendant personally" and that there was "a discrepancy between the name of the person identified as having received service and the name of the defendant, thus the defendant was not properly served." Doc. 12. It was ordered that "Plaintiff's Motion for Entry of Clerk's Default against Defendant Adrienne Pennington" was denied. Id.

In an order dated May 12, 2015, plaintiff was ordered to effect service upon defendant Adrienne Pennington not later than June 11, 2015. Doc. 13. In its order the Court wrote, "[p]laintiff commenced this action on October 24, 2014, naming Adrienne Pennington as the defendant in the case. Plaintiff, however, did not obtain proper service on defendant Adrienne Pennington pursuant to Rule 4(a) and (e) of the Federal Rules of Civil Procedure, because the summons were directed to Aarins Infants and Child Enrichment Center I, not the individual defendant." Id.

On June 10, 2015, plaintiff filed an alias summons returned executed, clearly indicating that defendant Adrienne Pennington was served on May 27, 2015. Doc. 19. On June 29, 2015,

4

plaintiff moved for the entry of Clerk's default, and on July 15, 2015, the Clerk of Court entered the default of defendant Adrienne Pennington. Docs. 20 and 21.

## II. *Legal Standard*

"The entry of default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter. 548 F.2d 770, 773 (8th Cir. 1977)). Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2014); see Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) (review of order entering default judgment is for abuse of discretion). Prior to the entry of a discretionary default judgment, this Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of its claim. 10 Moore's Federal Practice § 55.31[2].

As the Eighth Circuit has stated: "It is nearly axiomatic that when a default judgment is entered, facts alleged in the complaint may not be later contested. However, as we stated in Murray v. Lene, 'it remains for the [district] court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Marshall v. Baggett, 616 F.3d 849, 852 (8th Cir. 2010) (citing Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). The Eighth Circuit cautions that "it is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment." Id. at 852-53 (internal quotation omitted).

*III. Discussion*

A.     **Identity of Defendant**

As an initial matter, the Court considers the issue of the defendant's identity. In her Complaint, plaintiff named Adrienne Pennington as the sole defendant. Plaintiff captioned her Complaint "Darrie Walton v. Adrienne Pennington, CEO, Owner" Doc. 1 at 1. At no time did plaintiff name or express an intent to name Aarin's as a defendant or to seek relief against that entity, even when the Court made it abundantly clear that it did not view Aarin's to be a defendant in this case. In response to the Court's Rule 4(m) order, instead of expressing an intent to name Aarin's as a defendant, plaintiff merely stated that she had "invoked service on defendant Adrienne Pennington on the same day" that she filed her Complaint, and she believed that defendant Pennington had been appropriately served. Doc. 5 at 1. Similarly, when the Clerk of Court denied plaintiff's motion for the entry of default on the basis that service was directed to a business entity rather than to Adrienne Pennington as an individual, plaintiff expressed no intent to proceed against the business entity, and instead she requested an alias summons for defendant Adrienne Pennington only. Based upon the foregoing, the Court concludes that defendant Adrienne Pennington is the only named defendant in this case.

B.     **Federal Claims**

    1.     **Count I – Violations of the Equal Pay Act**

In Count I of her Complaint, plaintiff alleges that defendant Pennington violated the Equal Pay Act ("EPA"), 29 U.S.C. §206(d). In support of her claim, plaintiff alleges that defendant refused to provide her a "Sign In and Sign Out time sheet." Doc. 1 at 5. She alleges that sometime in May 2013, "a time sheet was finally inserted into the sign In/Out book for plaintiff . . . however, from May 2013 until plaintiff's termination March 13, 2014 Plaintiff had

to submit many written letters to defendant about the inconsistency of her payroll calculations." Id. Plaintiff further alleges that the "wage dollar amount" reported on her 2013 W-2 is "inconsistent with the honest work hours she provided to defendant's business." Id. Plaintiff states that defendant has failed to forward her final paycheck to her, "which should include wages for mandatory training conducted by defendant on the official Martin Luther King holiday." Id. In her motion for default judgment, plaintiff asserts that she is seeking damages in the amount of $8,000.00 for violations of the EPA.

The EPA prohibits pay discrimination on the basis of sex. 29 U.S.C. § 206(d). To establish a prima facie case under the EPA, a plaintiff must show that "women were paid less than men in the same establishment for equal work requiring equal skill, effort, and responsibility and performed under similar working conditions." Price v. Northern States Power Co., 664 F.3d 1186, 1191 (8th Cir. 2011). Vague, conclusory, and speculative allegations will not save an EPA claim; a plaintiff must allege facts to support contentions that her employer violated the EPA. See Frasier v. General Elec. Co., 930 F.2d 1004, 1007–08 (2d Cir. 1991) (affirming "with no difficulty" the district court's dismissal under Rule 12(b)(6) of an EPA claim whose sole allegation was that the plaintiff "was not receiving equal pay for equal work").

Here, plaintiff fails to allege that she was paid less than men in the same establishment for equal work requiring equal skill, effort, and responsibility and performed under similar working conditions. The facts alleged in plaintiff's Complaint do not constitute a legitimate claim under the EPA. While the Court is mindful that plaintiff is a pro se litigant, the entry of default judgment is disfavored, and this Court will not act as counsel for plaintiff or rewrite Count I of her Complaint to create a sustainable claim. See Giles v. Wal–Mart Dist. Ctr., 359 F. App'x. 91, 93 (11th Cir. 2009) ("Although pro se pleadings are held to a less strict standard than

pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action"); Hyde v. United States, 85 Fed. Cl. 354, 357 (Fed. Cl. Ct. 2008) (the court has no duty to create claims that are not spelled out in a pro se plaintiff's pleading). Plaintiff is not entitled to default judgment in her favor as to her EPA claim, and Count I will be dismissed. See McCoy v. Carter–Jones Timber Co., 352 F. App'x. 119, 121–22 (8th Cir. 2009) ("Though defendant ... did not file a motion to dismiss, the district court was within its discretion to sua sponte dismiss claims against her."); Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) ("We now hold that a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process.").

2. **Counts II and III – Unlawful Employment Discrimination and Retaliation in Violation of Title VII[1]**

In Count II of her Complaint, plaintiff alleges defendant Pennington violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. More specifically, she alleges that defendant "unlawfully discriminated against Plaintiff regarding her compensation, terms, conditions and privileges of employment and wrongfully discharged her based on race, and age." Doc. 1 at 7. Plaintiff claims that on March 10 and 12, 2014, upon her "unexpected arrival" at work, she found a younger white woman working in her area, which was "blatant race discrimination." Id. at 7-8. In Count III, plaintiff claims that defendant Pennington retaliated against her in violation of Title VII. Plaintiff alleges that defendant Pennington's husband touched her inappropriately and, sometime thereafter, she retaliated against plaintiff by issuing

---

[1]In Count II, plaintiff also alleges defendant Pennington violated the Missouri Human Rights Act. The Court addresses plaintiff's state law claims below.

"false write-ups" and eventually firing her. Id. at 10. In both counts plaintiff seeks compensatory and punitive damages, past and future lost wages, reimbursement for mental anguish and suffering, reimbursement for medical treatment, and attorneys' fees.

The Court will first consider whether defendant Pennington was an "employer" within the meaning of Title VII. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2 (a)(1). Title VII defines the term "employer" to mean "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e (b).[2] An "employee" is "an individual employed by an employer . . . ." 42 U.S.C. § 2000e (f).

Plaintiff alleges in her Complaint that she was employed by "Aarin's Infants and Child Enrichment Center, I LLC," not by defendant Pennington. Doc. 1 at 2. This allegation is supported by the exhibits plaintiff submitted in support of her motion for default judgment, such as pay stubs and copies of her W-2. Because Aarin's was plaintiff's employer, not defendant Pennington, the Court finds plaintiff has sued the wrong defendant for purposes of Title VII. Jones v. Pollard-Buckingham, 348 F.3d 1072, 1073 (8th Cir. 2003) (a plaintiff may not proceed against an individual or entity not named as a defendant).

---

[1]The term "person" is defined by the statute to "include one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers." 42 U.S.C. § 2000e(a).

Plaintiff does allege that defendant Pennington is the "owner" of Aarin's Infants and Child Enrichment Center, I LLC. But even if the Court were to find that suing an "owner" of a limited liability company amounts to suing the company for purposes of Title VII – which the Court does not – plaintiff has not established a legitimate claim under Title VII because plaintiff has not alleged that there were fifteen or more employees working at Aarin's. See Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006) (the "[fifteen-]employee threshold is an element of a plaintiff's claim for relief"). The Court will not read into the Complaint factual allegations that are not there. Plaintiff is not entitled to default judgment against defendant Pennington with regard to any claims under Title VII because she is not an employer, and these claims will be dismissed. McCoy, 352 F. App'x. at 121–22; Smith, 945 F.2d at 1043.

### 3. Count IV - Americans with Disabilities Act

In Count IV, plaintiff alleges that she suffered injuries while employed by Aarin's. She complains that defendant Pennington refused to assist her in the treament of her job-related injuries, and defendant told her that she was "no longer of any use to her in the job position she held" because of her injuries. Doc. 1 at 11. Plaintiff asserts that this amounted to disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. In Count IV plaintiff seeks compensatory and punitive damages, past and future lost wages, reimbursement for mental anguish and suffering, reimbursement for medical treatment, and attorneys' fees.

Plaintiff's ADA claim fails for the same reason as her claims under Title VII fail – plaintiff's Complaint is devoid of necessary factual allegations regarding her employer. The ADA prohibits "covered entities" from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge

10

of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "Covered entity" is defined to mean "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). It is clear from the record that defendant Pennington is not an "employment agency," "labor organization," or "joint labor-management committee." She also does not meet the ADA's definition of "employer." Like Title VII, the ADA defines "employer" to mean "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person . . . ." 42 U.S.C. § 12111(5)(A).[3] As discussed above, there are no allegations in the Complaint that defendant Pennington was plaintiff's employer, and the evidence plaintiff submitted in support of default judgment would suggest otherwise. Even if the Court were to construe the allegations in plaintiff's Complaint to mean that defendant Pennington was an agent of Aarin's, plaintiff still has not alleged facts that constitute a legitimate cause of action under the ADA, because she had not alleged that Aarin's had 15 or more employees. Plaintiff has failed to state a claim under the ADA, and the Court will dismiss Count IV. McCoy, 352 F. App'x. at 121–22; Smith, 945 F.2d at 1043.

### 4. Count V – Violations of Plaintiff's First, Fifth and Fourteenth Amendment Rights

In Count V, plaintiff alleges that defendant Pennington violated her First, Fifth and Fourteenth Amendment rights under the Constitution by abridging her freedom of speech regarding employment matters, and depriving her of a property interest in her job without due

---

[3] For purposes of the ADA, the term "person" is defined by 42 U.S.C. § 2000e(a). 42 U.S.C. § 12111(7). See note 1 supra.

process of law. Rights conferred by the Constitution of the United States may be vindicated by an action under 42 U.S.C. § 1983. See Wilson v. Spain, 209 F.3d 713, 715 (8th Cir. 2000). The Court liberally construes Count V of plaintiff's Complaint as asserting a claim under 42 U.S.C. § 1983 based on violations of plaintiff's First, Fifth, and Fourteenth Amendment rights.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish two essential elements: "the violation of a right secured by the Constitution and laws of the United States, and [she] must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff's allegations in Count V fail to state a claim under 42 U.S.C. § 1983 because defendant Pennington is a private citizen, and plaintiff fails to allege any facts to show that defendant was acting under color of state law. See United Brotherhood of Carpenters Local 610 v. Scott, 463 U.S. 825, 830–32 (1983) (deprivation of rights secured by the First Amendment requires state action); Jackson v. Metropolitan Edison Co., 419 U.S. 345, 95 (1974) (private action is immune from the equal protection restrictions of the Fourteenth Amendment); Junior Chamber of Commerce of Kansas City, Mo. v. Missouri State Junior Chamber of Commerce, 508 F.2d 1031, 1033 (8th Cir. 1975) (the Constitution "'applies only if the private action complained of is in essence the action of the government'") (quoting Junior Chamber of Commerce of Rochester, Inc., Rochester, New York v. U.S. Jaycees, Tulsa, Oklahoma, 495 F.2d 883, 886 (10th Cir. 1974)). Plaintiff is not entitled to default judgment in her favor on these constitutional claims, and the Court will dismiss Count V. McCoy, 352 F. App'x. at 121–22; Smith, 945 F.2d at 1043.

### C. State Law Claims and Jurisdiction

The Court now turns to plaintiff's state law claims and this Court's jurisdiction. Plaintiff is proceeding in this Court on the basis of federal question jurisdiction, not diversity

jurisdiction.[4] There are no allegations in the Complaint regarding defendant Pennington's place of citizenship, and in her motion for default judgment, plaintiff seeks $62,091.00 in damages. As a result, the Complaint does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity jurisdiction. As for federal question jurisdiction, federal courts have the power to hear "cases arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To constitute a claim "arising under" federal law, the plaintiff must assert a claim either based on federal law, Louisville & N.R. Co. v. Mottley, 211 U.S. 149, 152 (1908), or based on state law but where the construction of federal law forms an integral part of the resolution of the state law claim. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California, 463 U.S. 1, 9 (1983). Plaintiff attempts to bring claims under the laws of the United States in Counts I, II, III, IV and V of her Complaint, but as discussed above, plaintiff fails to state legally valid claims under the EPA, Title VII, ADA, or the Constitution, and these claims are dismissed.

Plaintiff's remaining claims arise under Missouri law. In Count II, plaintiff alleges defendant Pennington discriminated against her in violation of the Missouri Human Rights Act; in Count VI, she alleges violations of "Missouri Department of Health and Senior Services Division of Regulations and Licensure"; and in Count VII, she alleges defendant Pennington

---

[4]A federal court may exercise diversity jurisdiction over a case involving questions purely of state law where all plaintiffs in the suit hail from a different state than all defendants in the suit, and the amount in controversy is greater than $75,000.00. 28 U.S.C. § 1332; Wisconsin Dep't of Corrections v. Schact, 524 U.S. 381, 388 (1998).

tortiously interfered with plaintiff's employment at Aarin's – a state common law tort.[5] None of the remaining claims implicate federal law.

Under 28 U.S.C. § 1367(a), a federal court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). That said, it is within the discretionary authority of this Court to decline to exercise supplemental jurisdiction over state law claims once the Court has dismissed "all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see Reeve v. Oliver, 41 F.3d 381, 383 (8th Cir. 1994) (per curiam); McLaurin v. Prater, 30 F.3d 982, 984-85 (8th Cir. 1994). Here, the Court finds plaintiff has not stated legally valid claims under the EPA, Title VII, ADA and Constitution. The only remaining claims in the Complaint are Missouri state law claims. The Court, therefore, in its discretion declines to exercise supplemental jurisdiction over these state law claims, and they are dismissed without prejudice.

## IV. Conclusion

Plaintiff moves for the entry of default judgment against defendant Adrienne Pennington. Plaintiff, however, is not entitled to default judgment. Plaintiff has failed to alleged facts that constitute legitimate causes of action under the EPA, Title VII, ADA and Constitution. These federal claims are dismissed. The remaining claims arise under Missouri law, and the Court declines to exercise supplemental jurisdiction over these state law claims.

---

[5] On page 17 of her Complaint, plaintiff labels Count VIII "Plaintiff Demands a Jury Trial." A jury demand does not stand alone as a claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Darrie Walton's claims against defendant Adrienne Pennginton under the Equal Pay Act, Title VII, the Americans With Disabilities Act, and the First, Fifth, and Fourteenth Amendments of the United States Constitution in Counts I, II, III, IV, and V are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims in Counts II, VI and VII, and these claims are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff Darrie Walton's motion for default judgment and "Pro Se Motion to Court for Response to Plaintiff's Default Judgment Submission and/or Demand for Jury Trial" are **DENIED.** [Docs. 25 and 33]

An Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   14th   day of September, 2016.